USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER STOKES,

           Plaintiff,

- against -

WILLIAM de BLASIO ET AL.,

           Defendants.

---

17-cv-7890 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

Proceeding pro se, the plaintiff, Christopher Stokes, brings this action under 42 U.S.C. § 1983 against various prison and City officials, namely, New York City Mayor William de Blasio, New York City Department of Correction Commissioner Cynthia Brann, Warden Monica Windley, and Deputy Warden Lillian Benbow. The plaintiff alleges that the defendants violated his constitutional rights by placing him in an overcrowded holding pen at the Vernon C. Bain Complex ("VCBC") without an operable toilet or running water for three days, and by threatening to spray the plaintiff and others with a chemical spray for complaining about the conditions in the holding cell. The defendants have moved to dismiss the plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiff has failed to (1) exhaust his administrative remedies,

(2) state a claim upon which relief may be granted, and (3) allege the personal involvement of the four defendants.[1]

For the reasons explained below, the defendants' motion to dismiss is **granted**.

**I.**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

---

[1] The plaintiff failed to respond to the defendant's motion to dismiss. In an October 4, 2018, Order, the Court granted the plaintiff an extension to respond to the motion, and indicated that if no response was filed, the Court would decide the motion on the papers submitted thus far. ECF No. 25. The plaintiff never responded. Accordingly, the Court is deciding the motion to dismiss on the papers submitted thus far.

2

Iqbal, 556 U.S. 662, 678 (2009). While courts should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

A court may also consider documents incorporated by reference in the complaint as well as documents the plaintiff either had in the plaintiff's possession or had knowledge of and upon which the plaintiff relied in bringing suit. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). "A court may [also] take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment." Evans v. N.Y. Botanical Garden, No. 02cv3591, 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002).

Courts are to afford pro se litigants "special solicitude," Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), by construing their pleadings liberally "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 472 (2d Cir. 2006) (per curiam) (quotation marks omitted). Accordingly, courts apply a more flexible standard when evaluating the sufficiency of a pro se litigant's complaint than when reviewing a complaint submitted by counsel. Perez v. City of N.Y., No. 14cv7502, 2015 WL

3

3652511, at *2 (S.D.N.Y. June 11, 2015). This liberal pleading standard, however, "does not excuse a pro se plaintiff from providing sufficient factual allegations that state a plausible claim." Tyler v. Argo, No. 14cv2049, 2014 WL 5374248, at *2 (S.D.N.Y. Oct. 10, 2014). A pro se plaintiff's complaint may be dismissed for failing to state a claim upon which relief can be granted. Id.

## II.

The following facts are taken from the complaint and are accepted as true for purposes of the motion to dismiss.

On August 7, 2017, the plaintiff was admitted to the VCBC as a pretrial detainee and was placed in an overcrowded holding cell. Compl. at 4. The plaintiff remained in the holding cell until August 10, 2017. Id.

The cell lacked running water and its toilet was inoperable. Id. The plaintiff was forced to endure unsanitary conditions that caused him to suffer severe stomach ulcers. Id. The plaintiff complained verbally to the officers and asked that they move him to a different housing area. Id. The officers threatened to spray the plaintiff and the other inmates with "M.K.9 Chemical agent" if they continued to complain about the conditions in the holding cell. Id.

**III.**

The defendants move to dismiss the complaint on multiple grounds, including that the plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. It is only necessary to consider this first argument.

The PLRA requires that inmates exhaust available prison grievance procedures before initiating a lawsuit regarding prison conditions. Jones v. Bock, 549 U.S. 199, 204 (1997). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, . . . ." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion under the PLRA is mandatory, even when the prisoner seeks relief that is not available through administrative proceedings, such as money damages. Id. at 524.

The plaintiff is not required to plead that he exhausted his administrative remedies; rather, exhaustion under the PLRA is an affirmative defense. Jones, 549 U.S. at 216; Williams v. Correction Officer Priatno, 829 F.3d 118, 122 (2d Cir. 2016).

5

"However, a district court may still dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." Williams, 829 F.3d at 122.

The defendants argue that administrative grievance procedures were available to the plaintiff, and that it is clear from the face of the plaintiff's complaint that he did not exhaust these procedures.

The New York City Department of Correction has an Inmate Grievance and Request Program ("IGRP"), which provides four steps for prisoners to file and appeal grievances.[2] Sanders v. City of N.Y., No. 16cv7426, 2018 WL 3117508, at *4 (S.D.N.Y. June 25, 2018); Perez, 2015 WL 3652511, at *3. At steps one through three, the correctional facility is given five days to respond to the prisoner's grievance. See Blocker, 2015 WL 4002588, at *2. At step four, the final appeal step, the review committee has at least ten days to render its decision. Id. Inmates must complete all four steps to fully exhaust the administrative grievance procedure. Id. at *2; Perez, 2015 WL 2652511, at *3.

---

[2] Courts in this District have taken judicial notice of the IGRP because these procedures are a matter of public record. See, e.g., Perez, 2015 WL 3652511, at *3; Blocker v. City of N.Y., No. 14cv7215, 2015 WL 4002588, at *2 n.1 (S.D.N.Y. July 1, 2015) (noting that courts in this District have regularly taken judicial notice of the IGRP).

6

The plaintiff's allegations involve his pretrial detention from August 7 until August 10, 2017. The plaintiff signed his complaint on August 23 and delivered it to prison officials to be filed on August 24, 2017.[3] See Compl. at 6. Given the date on which the plaintiff filed his complaint, the plaintiff could not have exhausted the IGRP procedures. Only ten business days elapsed from the time the plaintiff's injuries occurred until the time the plaintiff filed his complaint. Under the IGRP, the review committee is given at least that amount of time to review grievance appeals on step four of the IGRP procedures alone. Accordingly, the plaintiff could not have participated in the entire grievance process before filing his complaint. See Cary v. City of N.Y., No. 17cv6443, 2018 WL 1581988, at *3 (S.D.N.Y. Mar. 27, 2018) (dismissing complaint because an insufficient amount of time elapsed from when the plaintiff's grievance occurred and when the plaintiff filed a complaint in order for the plaintiff to have exhausted the IGRP procedures).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Because it is clear from the face of the plaintiff's complaint that the plaintiff has failed

---

[3] Although the complaint was docketed in this Court on October 13, 2017, a pro se prisoner's complaint is considered filed as of the date that the plaintiff delivers the complaint to prison officials to be filed. Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993).

7

to exhaust his available administrative remedies, the defendants' motion to dismiss is **granted**. It is unnecessary to reach the defendants' remaining arguments.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the plaintiff's complaint is **dismissed without prejudice**. The Clerk is directed to enter judgment dismissing this case without prejudice. The Clerk is also directed to close this case and to close all pending motions.

**SO ORDERED.**

**Dated:** **New York, New York**
**January 8, 2019**

_____
John G. Koeltl
United States District Judge